BOWMAN *v.* PATRICK.

*(Circuit Court, E. D. Missouri, E. D.* September 28, 1887.)

WITNESS—PRIVILEGED COMMUNICATION—LETTERS FROM HUSBAND TO WIFE.
The wife's administrator found among her papers letters from her husband which made against him in a suit in which he was then interested. The administrator, in a spirit of hostility to the husband, delivered the letters to the other side, which sought to use them. *Held,* that the letters were privileged.

On Motion to Strike out Certain Exhibits.
*Erasmus McGinness,* for complainant.
*Edward Cunningham, Jr.,* and *Edward C. Eliot,* for respondents.

MILLER, Justice, *(orally.)* This case was argued on Monday on the motion to strike out certain exhibits filed in the master's report of the testimony in the case. Those exhibits were letters written by one of the defendants to his wife, and the ground of the motion to suppress them is that they are such communications as are protected by the principle which the law throws around communications between husband and wife. I confess I was very much astonished to find that there are some authorities which hold that while the wife cannot be permitted to tell, and not only that, but will be forbidden to tell, what her husband says to her in any matter of marital or private relations, or while the private relation exists she will be forbidden to tell anything,—will not be permitted to tell anything on the stand to the injury of her husband,—I say, I am surprised to find, while that general principle prevails, that there are some authorities holding that where this evidence can be got at, either by obtaining possession of a letter, or some method of overhearing communications by some third party between the husband and wife, that this evidence can be used. We have examined these authorities, and we are satisfied that, as exceptions, they do not include the present case. In the present case the report of the testimony shows, concerning the party objecting to the use of these letters written to his wife, that there was something like a separation between him and his wife, and proceedings for a divorce were instituted. Pending these proceedings the wife died, and the man who professed to be the executor or admin-

istrator of the wife's estate got hold of these letters, and, without any requirement of his office as administrator, without any necessity for his using these letters in any way, he—we will not say maliciously, but in a spirit of hostility to the husband—delivered the letters to the other side.   Whatever exceptions there may be to the rule protecting communications between husband and wife which may exist, and in regard to which I do not propose to say anything further, I am quite clear that the wife has no right to publish these communications; that she would not be permitted to produce the letter if she were a witness on the stand; that she could be enjoined from producing the letter if she were supposed to be hostile to her husband; and that the executor, in a voluntary and hostile spirit to the husband, who has letters, has no more right to produce them and deliver them over to the husband's prejudice than the wife had.   What might be the rule of law if this administrator had filed these letters in due course of administration for any useful purpose in a public office, and they had been obtained or copied by a third party, or if they had got into the hands of the party who now seeks to use them in any appropriate and innocent manner, I am not prepared to say; but I do rule that, under the circumstances in which these letters got into other hands, they are not to be used as evidence.

I think I ought to say to the parties that, while this decision precludes the use of these letters as evidence before this court, if the action ever goes to the supreme court the letters, of course, will go accompanied with the motion to exclude them and the ruling of the court on that motion, and all that will be before the supreme court on appeal, and if that court thinks the letters ought to be used in evidence they will be considered there; so that the matter is not of such extreme importance as might be supposed.   But for the purpose of this trial in this court the letters will not be used.

In regard to the other point that was raised, that there is no evidence that the husband received one of these letters conveying information that looked like a fraudulent purpose, there is no reason why it should be admitted either, and they are all rejected.

The clerk will make the order that all three of the letters are to be disregarded and stricken from the testimony.