FRITZ G. LANHAM v. MRS. BESSIE STEPHENS LANHAM.

No. 2226. Decided March 27, 1912.

**1.—Evidence—Confidential Communications—Husband and Wife.**

Confidential communications between husband and wife are not admissible in evidence, though the party making them is dead. (Pp. 93, 94.)

**2.—Same—Probate of Will.**

The surviving wife, contesting the probate of her husband's will on the ground that it was made under the influence of an insane delusion concerning her, could not introduce in evidence confidential letters to her by the deceased husband as evidence of his state of mind towards her; and the admission of such testimony was ground for reversal of a judgment denying probate of the will. (Pp. 91-95.)

Questions certified from the Court of Civil Appeals, Sixth District, in an appeal from Parker County.

*Fritz G. Lanham,* in pro. per., and *McCall & McCall,* for appellant.—The wife is incompetent to testify as to any privileged communications made by her husband to her. Sayles' Revised Statutes, art. 2301; Mitchell v. Mitchell, 80 Texas, 101; State v. Gant, 116 S. W., 801; Mercer v. State, 74 Am. St., 135; Commonwealth v. Sapp, 29 Am. St., 414 and note; Stein v. Bowman, 13 Pet., 209; Cook v. Grange, 18 Ohio, 529; Brown v. Wood, 121 Mass., 137; Hitchcock v. Moore, 14 Am. St., 474; Smith v. Potter, 65 Am. Dec., 198; 1 Greenleaf, sec. 254, 337 & 338 and note; Wigmore on Evidence, vol. 4, sec. 2237, p. 3053, sec. 2336, p. 3260.

*Stennis & Wilson,* for appellee.—The article of the statute invoked (art. 2302) is held to be inapplicable to a case like this, even by the authorities cited by appellant in support of this assignment, to wit: Martin v. McAdams, 87 Texas, 225, and Simon v. Middleton, 51 Texas Civ. App., 531, as will be seen from a careful examination of these cases. The statute invoked has no application where the issue is insanity, and the acts and declarations offered are relevant and important only on that issue. Lamb v. Lamb, 5 N. E., 171.

MR. CHIEF JUSTICE BROWN delivered the opinion of the court.

The Honorable Court of Civil Appeals of the Sixth District has submitted to this court the following statement and question:

"By an instrument wholly written by himself, dated July 24, 1908, Edwin G. Lanham, who died December 3, 1908, bequeathed to his brother, Fritz G. Lanham, in trust for the benefit of his (said Edwin M.'s) two children, Samuel S. Lanham and Edwin M. Lanham, Jr., who survived him, and who were then aged, respectively, about six and four years, his entire estate, worth, it was alleged, the sum of about $20,000. By the terms of the instrument the trustee was to hold the property so devised, 'until,' quoting the language thereof,

'each child shall attain to legal age, and then to be paid to my said children equally, share and share alike. I authorize my said brother Fritz G. Lanham, as trustee for my said children, to invest the property of this estate as his best judgment may dictate, but to lend no moneys without good and sufficient collateral security. I direct the said Fritz G. Lanham, trustee as aforesaid, to use so much of the income from this estate as may be necessary for the proper maintenance and education of my said children. In the event of the death of either of my said children before arriving at legal age, then the whole estate shall go to the survivor. And in the event of the death of both of my said children before arriving at legal age, I direct said trustee, Fritz G. Lanham, to partition to my brothers and sisters by blood, Howard M. Lanham, Fritz G. Lanham, Frank V. Lanham and Grace Lanham Connor, or the survivors of them, the remainder of this estate, share and share alike.' Probate by the County Court of Parker County of the instrument referred to as the last will and testament of said Edwin M. Lanham, deceased, was resisted by Bessie Stephens Lanham, his surviving wife and the mother of his said children, on the ground that 'while,' quoting the language used in her pleading, 'under the influence of an insane delusion or delusions, as to his wife's affection for him and as to the obligation he was under to his wife, which no rational husband could have entertained, he, without any cause, conceived an insane dislike for his wife which impelled him to do her all the injury he could, and in consequence of which said will was made.' The County Court having refused to probate the instrument as said Edwin M. Lanham's will, appellant, who was named therein as executor, and who had offered same for probate, prosecuted an appeal from the order of said County Court to the District Court. In the latter court a trial before a jury resulted in a verdict and judgment declaring the instrument to be invalid. On the trial in the District Court it was shown that the testator was devotedly attached to his mother, and to his wife until a short time before the death of his mother. There was evidence tending to show that his mother believed his wife had not been as considerate of and as respectful towards her, nor as thoughtful about him, as she should have been. During many months immediately preceding the time his mother died, he had been suffering from tuberculosis of the lungs and was in the weakened physical condition that disease produces. The death of his mother occurred July 2, 1908, at Weatherford. When it occurred he was at Waco. He had a short time before her death received a letter from his mother, the contents of which the record does not show. A theory of the contestant was that the death of his mother, occurring suddenly and at a time when he had become, by the ravages of the disease from which he suffered, greatly debilitated in mind as well as body, so unbalanced his mental faculties as to cause him, without reason and in spite of evidence to the contrary, to conclude that his wife, during the lifetime of his mother, had mistreated her, and neglected duties she owed to him and to their children. As relevant to this theory the trial court admitted in evidence, over appellant's objection thereto on the ground that same 'were confidential communications between husband and wife

and were priviliged,' and therefore inadmissible, an extract from a letter written by deceased to his wife between July 16 and July 27, 1908, as follows: 'I am sorry I can not appreciate the affectionate passages in your letter. They don't ring true in my ears. Doubtless you think you are sincere, but you don't know yourself;' and a letter written by deceased to his wife July 27, 1908, as follows, so far as material: 'I will write you a few lines while I feel equal to do it. Ella delivered your note, which seemed to show that the ardor of your former letters has abated somewhat, much as I feared. . . . Your attitude toward Mama during her lifetime was a deep wound to me, and the thought of it, which I could not force back, was no solace to my sorrow. I have never believed you had any good reason to dislike her, and I know she never injured you by thought or act. You did not appreciate her. Let this dismiss the subject between us. It has preyed on my mind and I am anxious to think of it no more. . . . Please do not discuss any portion of this letter with your family.' In disposing of the appeal prosecuted by the proponent of the will from the judgment of the District Court declaring it to be invalid, this court held that the portions quoted of the letters specified were confidential communications from deceased to his wife, that same therefore were privileged, and that the trial court erred in overruling the objection of the proponent thereto and in admitting same as evidence to be considered by the jury. For this error we were of opinion that the judgment of the lower court should be reversed and the cause remanded for a new trial, and so ordered. The appeal being still pending before us, on a motion by appellee for a rehearing, we deem it advisable before finally disposing thereof, to present to you for adjudication the following questions:

"1. Did this court err in holding that the extract set out above from the first of the two letters specified was a confidential communication from deceased to his wife, and for that reason should not have been admitted as evidence over appellant's objection thereto?

"2. Did this court err in holding that the portion quoted from the other of said two letters was a confidential communication from deceased to his wife, and for that reason should not have been admitted as evidence over appellant's objection thereto?

"3. If the contents of the letters as set out were not competent as evidence, was the action of the court in admitting same over appellant's objection thereto such error as required a reversal of the judgment?"

To questions one and two we answer that the extracts from the letters written by Edwin W. Lanham to his wife Bessie Stephens Lanham were confidential communications, and privileged from production in court by or on behalf of the wife or other person. The fact that E. M Lanham was dead does not vary the rule.

Article 2301, Batts' Revised Civil Statutes, reads: "The husband or wife of a party to a suit or proceeding, or who is interested in the issue to be tried, shall not be incompetent to testify therein, except as to confidential communications between such husband and wife." The statute does not affect the question in hand; the common law rule governs. Gee v. Scott, 48 Texas, 510.

Confidential communications between husband and wife are well defined thus: "Information coming to a husband or wife in consequence or by reason of the existence of the marriage relation is to be treated as confidential, and the confidence which the law creates while the parties remain in the most intimate of all relations can not be broken even after that relation has been dissolved." · (Scott v. Commonwealth, 42 Am. St., 373.)  Gee v. Scott, supra, is a strong case on this question.  The court permitted the husband to testify against his wife to facts which came to his knowledge by reason of his control of her property for which the Supreme Court reversed the judgment.

In Mitchell v. Mitchell, 80 Texas, 101, the Supreme Court, speaking through Judge Henry, said: "The only question to be determined in any case is, whether the evidence proposed was a confidential communication between a husband and wife.  That must be determined either by the subject matter of the communication or the circumstances under which it is made, or by both.  Whatever difficulties may exist in laying down a general rule by which to decide when such communications should be treated as confidential, we are of the opinion that letters from a husband to his wife of the character of those now in question should be so treated.  We do not think that the death of one of the parties destroys the privilege nor that there exists any difference between verbal and written communications.  The wife should no more be permitted to disclose a confidential communication written to her by her husband by introducing his letters in evidence than she should be to testify to confidential statements made to her in conversation with him.  We think that the letters should have been excluded.

Greenleaf on Evidence (15th edition) states the law thus: "Sec. 254.  Communications between husband and wife belong also to the class of privileged communications, and are therefore protected independently of the ground of interest and identity, which precludes the parties from testifying for or against each other.  (a) The happiness of the married state requires that there should be the most unlimited confidence between husband and wife; and this confidence the law secures by providing that it shall be kept forever inviolable; that nothing shall be extracted from the bosom of the wife which was confided there by the husband. Therefore, after the parties are separated, whether it be by divorce or by the death of the husband, the wife is still precluded from disclosing any conversations with him, though she may be admitted to testify to facts which came to her knowledge by means equally accessible to any person not standing in that relation.

(b)  Their general incompetency to testify for or against each other will be considered hereafter in its more appropriate place."

The decision of the Honorable Court of Civil Appeals in this case is sustained by a great number of well considered cases of which we cite these: 23 Am. & Eng. Ency. Law, p. 93; Mercer v. State, 74 Am. St., 142; Selden v. State, 17 Am. St., 144; Brown v. Brown, 53 Mo. App., 458; Mahner v. Linck, 70 Mo. App., 387; Bowman v. Patrick, 32 Fed., 368.

The contents of the letters are material to the issue, and admitting them in evidence constitutes material error which requires a reversal of the judgment.

Counsel for appellee suggested a reason for disregarding the objection to the letters which does not appear in the certificate. We can not consider any matter not submitted.