STATE OF MINNESOTA *vs.* GEORGE LAUTENSCHLAGER.

January 17, 1877.

**Motion in Arrest·of Judgment.**—The fact that the record does not show affirma-
tively that one of the jurors empanelled to try the cause had ever been
sworn, or that the jury, on coming into court with their verdict, was in
charge of an officer, furnishes no ground for a motion in arrest of judgment
after verdict.

**New Trial—Newly-discovered Evidence.**—The decision of a trial court upon an
application for a new trial, upon the ground of newly-discovered evidence,
can only be reviewed in an appellate court upon a record showing both the
after-discovered evidence and that introduced upon the former trial.

After the decision of this court on the former appeal,
denying a new trial, (22 Minn. 514,) the case was remitted
to the district court for Ramsey county, where the defend-
ant again moved for a new trial, because of newly-discovered
evidence, and also moved in arrest of judgment.  Both
motions were denied, and the defendant was sentenced to
death, in accordance with the verdict of the jury.  He
appeals from the judgment, and from the order refusing a
new trial.

*H. J. Horn* and *I. V. D. Heard*, for appellant.

*Geo. P. Wilson*, Attorney General, and *C. D. O'Brien*,
for the State.

CORNELL, J.  Upon the appeal from the judgment
herein this court is asked to review the decision of the
district court, refusing defendant's application for a new
trial on the ground of after-discovered evidence, and also
the decision denying the motion thereafter made in arrest
of judgment.  This latter motion was made upon two
grounds : *First*, that it did not affirmatively appear from the
record that one of the jurors empanelled to try the cause
had ever been sworn ; and, *second*, that it did not appear
therefrom that the jury, upon coming into court with their
verdict, was in charge of an officer.  Upon the point
presented by this branch of the case the ruling of this court

in *State* v. *Ryan*, 13 Minn. 370, is decisive. The motion was properly overruled.

The decision of a trial court, upon an application for a retrial because of after-discovered evidence, generally involves an exercise of judicial discretion upon a full consideration of all the evidence given on the trial, and the legitimate effect which the new evidence, taken in connection therewith, ought, upon legal principles, to have towards producing a different result. Hence, when the application has been refused, an appellate court can only review the decision upon a record which affirmatively and substantially discloses all the material testimony which was submitted to the jury, as well as the newly-discovered evidence which it is proposed to introduce upon a retrial. In no other way can the exact character and legal effect of such new testimony be determined. Hilliard on New Trials, *c.* 15, §§ 31, 36 ; *Anon.* 7 Wend. 331.

In the record before us the bill of exceptions does not purport to contain all the evidence given to the jury, but only the substance of so much of it as was deemed essential to a proper consideration of the rulings made by the court during the trial to which defendant excepted. For aught apparent upon this record, the conclusions reached by the trial court as to the nature and legitimate effect of the new evidence may have been fully justified by the testimony submitted to the jury upon the trial. Such is the presumption in the absence of a contrary showing.

Order and judgment affirmed.