NELLIE D. BUNKER and Others v. UNITED ORDER OF FORESTERS.[1]

February 23, 1906.

Nos. 14,660—(226).

**Newly Discovered Evidence.**

A motion for a new trial on the ground of newly discovered evidence is addressed to the discretion of the trial judge, upon full consideration of all the evidence given at the trial and the legitimate effect which the new evidence taken in connection therewith ought, upon legal principles, to have toward producing a different result.

**Same.**

It is not enough that the new evidence be material. The court must also take into consideration its importance, and determine whether, in connection with the evidence already introduced, it will be liable to affect the result of another trial. Lampsen v. Brander, 28 Minn. 526.

**New Trial—Review of Order.**

The inquiry of the appellate court is not whether, upon the record, a new trial might have been properly granted, but whether the refusal to grant a new trial involved the violation of a clear legal right or a manifest abuse of judicial discretion.

**Evidence.**

In an action to recover upon a benefit society certificate, *held*, that there was evidence tending to support the verdict, and that a new trial was properly denied.

Action in the district court for Ramsey county to recover $1,000 upon a benefit certificate issued by defendant to Theodore Bunker, payable in case of his death to his heirs. The case was tried before Kelly, J., and a jury, which rendered a general verdict in favor of plaintiffs for the sum demanded. From an order denying a motion for a new trial, defendant appealed. Affirmed.

*James E. Markham,* for appellant.

*Walter L. Chapin,* for respondents.

ELLIOTT, J.

The appellant is a fraternal society incorporated under the laws of the state of Wisconsin. Its rules and regulations provide that

[1]Reported in 107 N. W. 392.

The United Order of Foresters does not insure against suicide nor self-destruction, and if any member shall commit suicide or self-destruction, or shall be the means in any manner of taking his own life, he shall, by such act, forfeit his certificate of membership, together with all rights and benefits due him or his beneficiary or beneficiaries from the supreme court or a high court or a subordinate court.

Theodore Bunker, the husband and father of the respondents, became a member of the order on June 15, 1896, and received a benefit certificate in the usual form, which entitled the beneficiary to receive the sum of $1,000 upon the death of the insured while in good standing in the order. He died on January 16, 1905, confessedly a suicide, and the order refused to pay the money claimed to be due under the certificate on the ground that the deceased had violated the conditions set forth in the above quotation from the rules and regulations. In an action to recover upon the certificate, it was admitted that Theodore Bunker had committed suicide, and the only issue for the jury was as to his mental condition at the time of the act. The jury returned a verdict in favor of the plaintiff, and found specifically that the deceased, when he took his own life, was (1) insane and mentally irresponsible, so that he had not the power or capacity to exercise his reason upon the effect and consequence of the act, and (2) that he was impelled to commit the act by an insane impulse which he was not able to resist. The defendant moved for a new trial on the grounds (a) of the insufficiency of the evidence to sustain the verdict; (b) newly discovered evidence; and (c) errors of law occurring at the trial and duly excepted to by the defendant. The case is before us upon an appeal from an order denying this motion.

The assignments of error are not sufficiently definite to raise the question of the correctness of the court's refusal to give the defendant's request to the effect that if Theodore Bunker, at the time he took his life, understood and comprehended the nature of the act he was about to commit, and intended to destroy his life, the plaintiffs were not entitled to recover. Adams v. City of Thief River Falls, 84 Minn. 30, 86 N. W. 767. We will say, however, that we find no errors in the instructions as given by the trial court. Connecticut Mut. Life Ins.

Co. v. Akens, 150 U. S. 468, 14 Sup. Ct. 155, 37 L. Ed. 1148, and cases there cited. The mental condition of the deceased, at the time when he took his life, was a question for the jury to determine after hearing and considering all the evidence. There was evidence tending to sustain the verdict, and the conclusions of the trial court should not be disturbed. We cannot say that the conclusion reached was not reasonable and proper.

Nor did the court abuse its discretion in refusing to grant a new trial on the ground of newly discovered evidence. From the affidavits upon which the motion was made, it appears that the coroner found upon the body of the deceased a certain letter written by Mr. Bunker and addressed to his wife. It was read by the coroner and then delivered to Mrs. Bunker, in whose possession it apparently now is. The appellant claims that this letter contained an admission that the deceased was at the time of his death involved in financial difficulties of such a nature as to lead him to anticipate a criminal prosecution, and that there was thus disclosed a motive for suicide which would lead another jury to the conclusion that he was induced to commit the act by the desire to escape from the consequences of his wrongful acts. The letter was in the possession of the wife, to whom it was addressed, and it is at least doubtful whether it or the information it contained could have been used against the plaintiff upon a new trial without violating the statutory inhibition against the disclosure of communication between husband and wife. See Bowman v. Patrick (C. C.) 32 Fed. 368; language of Justice Miller, Mercer v. State, 40 Fla. 216, 24 South. 154, 74 Am. St. Rep. 135; Liggett v. Glenn, 51 Fed. 381, 2 C. C. A. 286; Maynard v. Vinton, 59 Mich. 139, 26 N. W. 401, 60 Am. Rep. 276; Derham v. Derham, 125 Mich. 109, 83 N. W. 1005; Scott v. Com., 94 Ky. 511, 23 S. W. 219, 42 Am. St. Rep. 371; Mitchell v. Mitchell, 80 Tex. 101, 15 S. W. 705. There are authorities which support a contrary view (see 1 Greenleaf, Ev. 254; 23 Am. & Eng. Enc. [2d Ed.] 97); but it is not necessary that we should determine the question of its admissibility, in view of the well-established and controlling rule that "the decision of a trial court upon an application for a retrial because of after-discovered evidence generally involves an exercise of the judicial discretion upon a full consideration of all the evidence given on the

trial and the legitimate effect which the new evidence, taken in connection therewith, ought upon legal principles to have towards producing a different result." Justice Cornell, in State v. Lautenschlager, 23 Minn. 290.

A motion for a new trial on the ground of newly discovered evidence is addressed to the discretion of the trial judge. It is not enough that the evidence be material. The court must also take into consideration its importance and determine whether, in connection with the evidence already introduced, it will be liable to affect the result of another trial. Lampsen v. Brander, 28 Minn. 526, 530, 11 N. W. 94; Dunnell, Minn. Pr. 1048, 1058. The inquiry of the appellate court is, therefore, not whether, upon the record, a new trial might have been properly granted, but whether the refusal of it involved the violation of a clear legal right or a manifest abuse of judicial discretion. We find no reason disclosed by the record for holding that the trial court abused its discretion when it refused to grant a new trial upon the ground of newly discovered evidence.

The order appealed from is affirmed.