BROADWAY BANK OF KANSAS CITY, APPELLEE, V. HARRY SAGER, APPELLANT.

FILED FEBRUARY 5, 1932. No. 27859.

A. C. Plantz, for appellant.

Carlyle W. Edgell, contra.

Heard before GOSS, C. J., DEAN and EBERLY, JJ., and RAPER and RYAN, District Judges.

PER CURIAM.

The Broadway Bank of Kansas City sued to recover $1,000 on a promissory note executed June 24, 1927, by Harry Sager and his wife, Lena H. Sager. The note bears interest at the rate of 8 per cent. per annum until paid. In his answer, Harry Sager alleges that the note sued on is a renewal of two notes for $500 each which were executed by him and payable to the Superior Medicine Company of Kansas City and by that company sold to the plaintiff bank. Sager also alleges that he executed an instrument purporting to be a contract with the Superior Medicine Company for the purchase of 1,000 "Superior Medicine Cabinets," and for which he executed the two $500 notes, but he alleges that the cabinets are now and at all times were a fraud and that he has therefore been unable to sell or to dispose of them. He alleges that the company's agent represented the cabinets to him as a merchantable article greatly in demand and that, in reliance upon the representations so made, he purchased the cabinets. The defendant contends that the bank was not an innocent purchaser of the note in suit and that it was

therefore chargeable with knowledge of the fraud that was perpetrated upon the defendant by the company. The defendant also alleges that he has been damaged in the sum of $1,000 by the purchase of the cabinets so delivered to him by the Superior Medicine Company.

The court found that Lena H. Sager did not sign the notes with the intention of binding her separate estate and the court thereupon dismissed the action as to her. But the court rendered a judgment against Harry Sager, pursuant to the prayer of the plaintiff bank, in the sum of $1,273.33, with interest thereon at 8 per cent. per annum. From the judgment so rendered the defendant Harry Sager has appealed.

The evidence tends to prove that, for a valuable consideration, in the usual course of business and without notice of defect in or defense thereto, plaintiff acquired title to two promissory notes executed by defendant to third parties. Some time after their maturity the defendant renewed the notes by executing the note sued on in this action. If plaintiff was an innocent holder for value of the first notes, then the defense of fraud or want of consideration would not have been available as a defense in an action on the original notes; nor would such a defense be available to him in an action on the renewal note.

In a law action, tried without a jury, the findings of the trial court have the same force and effect as a verdict, and will not be disturbed unless clearly wrong.

From the record it appears that no other finding than that made by the trial court could be sustained.

The record is free from error. The judgment is

AFFIRMED.