ELLERY L. DAVIS, APPELLEE, V. AETNA LIFE INSURANCE COMPANY, APPELLANT.

FILED DECEMBER 31, 1934. NO. 29040.

*Brown, Fitch & West,* for appellant.

*Hall, Cline & Williams* and *H. W. Baird, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY and PAINE, JJ., and LOVEL S. HASTINGS, District Judge.

DAY, J.

This is an action to recover under the disability clause of a life insurance contract providing for waiver of premiums and payment of benefits. The plaintiff became totally disabled May 31, 1930, and claims to have notified the company August 1, 1930. On the other hand, the company alleges that it did not receive proof of permanent disability until June 16, 1932, and six months thereafter began paying the benefits under the policy. This controversy therefore is concerned with the liability of the company for benefits from the date of total disability, May 31, 1930, to December 16, 1932, and, in addition, for two annual premiums paid by plaintiff during this period. A jury was waived, and the court entered a judgment for $1,298.51, from which the

defendant files an appeal and the plaintiff a cross-appeal. The provision of the policy giving rise to this action is as follows:

"Six months after proof is received at the home office of the company that the insured has become wholly, continuously and permanently disabled and will for life be unable to perform any work or conduct any business for compensation or profit, or has met with the irrecoverable loss of the entire sight of both eyes, or the total and permanent loss by removal or disease of the use of both hands or of both feet, or of such loss of one hand and one foot, all from causes originating after the delivery of this policy, the company will, if all premiums previously due have been paid, waive the payment of all premiums falling due thereafter during such disability, and if such disability was sustained before the insured attained the age of sixty years, the company will pay to the life beneficiary the sum of ten dollars for each thousand dollars of the sum insured and will pay the same sum on the same day of every month thereafter during the lifetime and during such disability of the insured."

A consideration of the meaning of this clause is essential to a determination of this case. The plaintiff insists that it means that, when proof is furnished the company of permanent total disability, the premiums are waived, and the benefits are to be paid six months thereafter from the date of permanent total disability. With this contention, we are unable to agree. Omitting clauses in the long sentence which have no application or are not in issue in this case, it reads:

"Six months after proof is received at the home office that the insured has become wholly and permanently disabled, the company will waive the payment of all premiums falling due thereafter during such disability and will pay the sum of ten dollars and will pay the same sum on the same day of every month thereafter."

The company's position is that the waiver of premiums begins six months after proof is furnished the home office

of disability. The language is not ambiguous and is therefore not subject to construction. *Dressler v. Commonwealth Life Ins. Co.,* 105 Neb. 669. The phraseology of this company's policy is different from any other which has been considered by other courts. There is no evidence in this case as to any different understanding between the parties except as expressed by the contract of insurance. There is no question of reformation of policy involved as in *Rubinson v. North American Accident Ins. Co.,* 124 Neb. 269. "Thereafter" the premiums shall be waived refers to the phrase "six months after proof," rather than "disability." The date after which premiums would be waived is to be six months after proof has been furnished the company of the disability, rather than from the commencement of the disability.

But the meaning of the clause may be clarified by its other provisions. *Rathbun v. Globe Indemnity Co.,* 107 Neb. 18. The company agreed to pay the life beneficiary six months after proof of total permanent disability the sum of $10. Assuming that the insured furnished proof on the first day of disability, then, if we accept plaintiff's contention, the company would be required to pay $60 and not $10. This language definitely negatives the idea that the benefit is to be $10 a month from date of disability. And the policy continues by providing that the company will pay the sum of $10 on the same day of every month thereafter, which fixes the subsequent monthly liability from date of the first payment. The natural and obvious meaning of the provision of an insurance contract controls, rather than a forced or strained construction. The provision in an insurance policy that six months after proof is furnished the company of permanent total disability the company will waive premiums thereafter during disability and pay $10 and $10 each month thereafter during disability is not ambiguous and uncertain language subject to judicial construction. The provision that six months after proof is furnished the company of permanent disability the company will pay the life beneficiary the sum of

$10 and $10 each month thereafter during disability cannot be construed to determine the company's liability as $10 a month from date of such disability. In *Yates v. New England Mutual Life Ins. Co.,* 117 Neb. 265, Howell, J., stated the rule applicable in simple language that a provision in an insurance policy "means what it says." In the instant case, the company contracted to waive premiums and pay monthly benefits six months after it was furnished proof of permanent total disability until such disability ended.

In our conclusion, we are not unmindful that this identical provision has been construed so that it imposes a different liability upon the company in *Wenstrom v. Aetna Life Ins. Co.,* 55 N. Dak. 647, *Aetna Life Ins. Co. v. Phifer,* 160 Ark. 98, and *Aetna Life Ins. Co. v. Palmer,* 159 Ga. 371. In each case, the court construed the contract on the theory that it is ambiguous. We have great respect for these decisions and have considered them carefully. However, we are unable to agree to their primary conclusion that the contract is ambiguous. In this respect the trial court correctly held "That the disability clause of the insurance policy in question should be construed so that the waiver of premiums became effective and the payments of monthly disability accrued six months after proof of disability received by defendant."

But we are unable to agree with the finding of the trial court that the plaintiff gave and defendant received proof of such disability on November 18, 1930. The plaintiff relies upon his communication to the company at that time. In it he stated he could not tell how long he would be unable to perform any work or conduct any business for compensation or profit. At the same time Dr. A. D. Dunn, who had been consulted, in a written statement, said in effect that insured was not totally and permanently disabled, but disabled, at the time. He also stated that the condition was temporary and that such improvement will probably result in enabling him to carry on his usual occupation. Dr. George W. Covey, who was treating the

insured, also furnished the company with a written statement at this time in which he said: "Believe he will be able to resume work." In April, 1931, and April, 1932, the insured and Dr. Covey furnished additional statements to the company as to the physical condition of the insured in about the same tenor. It was not until June 13, 1932, that Dr. Covey wrote the company a letter which was the first time, as far as the record discloses, that he or anybody else informed the company that the insured was permanently and totally disabled. Thereafter, on December 16, 1932, six months after receipt of this letter from Dr. Covey, the company began the payments of benefits thereunder. Where a jury is waived in an action at law, the finding of the trial court is entitled to the same consideration upon appeal as the verdict of a jury, and will not be disturbed unless clearly wrong. *Broadway Bank of Kansas City v. Sager,* 122 Neb. 894; *Boschulte v. Elkhorn River Drainage District,* 102 Neb. 451. But the evidence in the record is insufficient to support the finding of the trial court that the company received proof that insured was permanently and totally disabled November 18, 1930. As heretofore noted, there was not a single statement in the communications to the effect that insured was permanently and totally disabled. The insured as well as the physicians stated positively that the disability was only temporary. The company's liability was determined from the date proof was received. It is not necessary to quibble about the quantum of proof necessary, since there was no evidence of any kind furnished the company that the insured was permanently and totally disabled until June 16, 1932. In its most favorable aspect, it was only notice to the company that insured was temporarily disabled. This did not require the company to compensate him. Where a jury is waived in a law action, while the finding of the court has the force and effect upon appeal as a verdict of a jury, it will be set aside where there is not sufficient competent evidence in the record to support it. *Farmers State Bank v. Butler,* 101 Neb. 635. The evidence in the

record will not support a finding that the company was furnished proof of the permanent total disability of insured until June 16, 1932.

REVERSED AND DISMISSED.