Badeh F. Jabara, Appellant, v. The Equitable Life Assurance Society of the United States, Appellee.

## Gen. No. 37,937.

Heard in the first division of this court for the first district at the December term, 1934. ▆▆▆▆ Opinion filed April 15, 1935.

Smith & Haddad, of Chicago, for appellant; George J. Haddad, of counsel.

MAYER, MEYER, AUSTRIAN & PLATT, of Chicago, for appellee; MILES G. SEELEY, of Chicago, of counsel.

MR. PRESIDING JUSTICE O'CONNOR delivered the opinion of the court.

Plaintiff brought an action against the defendant insurance company on a policy of insurance, claiming that he was totally and permanently disabled within the meaning of the policy, from April 1, 1928; that July 1, 1932, he made proof of such disability to defendant company; that for July, 1932, and for subsequent months defendant paid him $50 a month; that he was entitled to $50 a month for the 48 months prior to July, 1932, or a total of $2,400, with interest. The statement of claim, on motion of defendant, was stricken. Plaintiff elected to stand on his statement of claim, his suit was dismissed, and he appeals.

The only question is the construction of the insurance policy. Plaintiff contends that under a proper construction of it he was entitled to receive $50 a month from the time he became totally disabled, while defendant insurance company's position is that he was not entitled to $50 a month until he made proof of his disability to the company.

The pertinent provisions of the policy are: "IF THE INSURED BECOMES WHOLLY AND PERMANENTLY DISABLED BEFORE AGE 60 the Society will waive subsequent premiums and pay to the Insured a DISABILITY-ANNUITY of—FIFTY DOLLARS—A Month subject to the terms and conditions contained on the third page hereof." On page 3 is the following: "TOTAL AND PERMANENT DISABILITY. (1) DISABILITY BENEFITS before age 60 shall be effective upon receipt of due proof, before default in the payment of premium, that the Insured became totally and permanently disabled by bodily injury or disease after this policy became effective and before its anniversary upon which the Insured's age at near-

est birthday is 60 years, in which event the Society will grant the following benefits:—

"(a) WAIVE PAYMENT OF ALL PREMIUMS payable upon this policy falling due after the receipt of such proof and during the continuance of such total and permanent Disability; and

"(b) PAY TO THE INSURED, A MONTHLY DISABILITY-ANNUITY as stated on the face hereof; the first payment to be payable upon receipt of due proof of such Disability and subsequent payments monthly thereafter during the continuance of such total and permanent Disability."

The rules governing the construction of insurance policies are the same as those applicable to other contracts. *Capps v. National Union Fire Ins. Co.,* 318 Ill. 350; *Bergholm v. Peoria Life Ins. Co.,* 284 U. S. 489.

In the *Capps* case the court said (p. 354): "The principles governing the interpretation of insurance contracts are the same as those applicable to other contracts. . .. . Our function is to construe the contract before us and not to make a new one." And in the *Bergholm* case the Supreme Court of the United States said (p. 492): "Contracts of insurance, like other contracts, must be construed according to the terms which the parties have used, to be taken and understood, in the absence of ambiguity, in their plain, ordinary and popular sense." It is only when there is ambiguity in a policy that the law invokes the rule that it shall be construed most favorably to the insured and against the insurance company.

We think the policy is clear and unambiguous in the instant case. It provides that the payment of $50 a month for disability commences when the proof of disability is made. It specifically provides that, "the first payment to be payable upon receipt of due proof of such Disability and subsequent payments monthly

thereafter during the continuance of such total and permanent Disability." This language is plain and there is no room for construction. The first payment of $50 is payable "upon receipt of due proof of such Disability" and subsequent payments "monthly thereafter."

A number of authorities are cited by both parties. Plaintiff cites among other cases *Felton v. Equitable Life Assurance Society,* — Ark. —, 71 S. W. (2d) 1049; *Missouri State Life Ins. Co. v. Case,* — Ark. —, 71 S. W. (2d) 199; *Minnesota Mut. Life Ins. Co. v. Marshall,* 29 F. (2d) (C. C. A.) 977.

In the *Felton* case, where the policy is identical in terms, so far as is pertinent here, with the policy before us, it was held that recovery could be had by the insured's administratrix from the date of the insured's permanent disability, because he was mentally incapacitated from making proof of his disability from the date he was disabled. After thus deciding the case the court based its decision also on another ground holding, in effect, that recovery could be had from the date of the disability, not from the date when the proof of such disability was made.

Whatever may be said of the holding in the *Felton* case, and other authorities, we are clear that there is no ambiguity in the policy before us, and the judgment of the municipal court of Chicago is affirmed.

*Judgment affirmed.*

McSurely and Matchett, JJ., concur.