## ELLA JEANETTE JORSTAD v. BENEFIT ASSOCIATION OF RAILWAY EMPLOYEES.[1]

March 6, 1936.

No. 30,698.

R. F. Merriam, for appellant.

Christensen & Young and George C. Stiles, for respondent.

[1]Reported in 265 N. W. 814.

HILTON, JUSTICE.

In an action brought to recover on an insurance policy because of the death of her husband plaintiff had a verdict. This is an appeal from an order denying defendant's alternative motion for judgment notwithstanding the verdict or for a new trial.

On February 1, 1932, the defendant issued a policy of insurance to Lars A. Jorstad, in which it was provided that if his death should result from bodily injury, sustained at any time during the life of the policy, solely through external, violent, and accidental means, the defendant would pay the plaintiff, wife of the assured, the sum of $1,000 plus five per cent additional for each year the policy was in force.

March 29, 1934, Jorstad came home from work, ate his dinner, went outside, and with a shovel commenced to break the ice and snow from the sidewalk in front of his home, at the same time scooping the loosened material off the walk. While so working he, in some manner, slipped and fell forward onto the upper part of the handle of the shovel, which struck him in the stomach. The scoop end of the shovel was held in place by the snow.

Shortly thereafter Jorstad went into his house and appeared to be in distress. A red blotch was found at the pit of his stomach. Assured spent a restless night. He worked the next day, but a fellow employe noticed that it was an effort for him to straighten up and that he did not appear as active as usual. That night he did not sleep well. He worked half of the following day and that evening suffered great pain in the region of his stomach. Dr. Branton, one of the witnesses for plaintiff, was called. He gave assured an opiate to relieve the pain, but apparently it gave only temporary relief. Jorstad died the following day.

Defendant denied all liability under the policy on the ground that the assured's death did not result solely because of accidental means.

Jorstad appeared to have been in good health for several years immediately prior to the time of his death. He had missed no time from work because of illness. Some time before, Dr. Branton twice had operated on him for intestinal ailments, but Jorstad seemed to

have recovered fully. Shortly after the assured's death Dr. Branton performed a partial autopsy. He found a blood clot in the superior mesenteric artery. He testified that "Mr. Lars Jorstad died of a thrombus of the superior mesenteric artery due to trauma" and that in his opinion it was the "trauma described where the upper end of the handle of the shovel hit him in the pit of the stomach." Dr. Branton had known Jorstad since childhood and had long been his personal physician. He attended him shortly before his death and certainly was competent to testify as to the cause of death.

Dr. Hedback, also a witness for plaintiff, after having heard the testimony on behalf of plaintiff and assuming it to be true, gave as his opinion that Jorstad died from the effects of the accident above described. Defendant asserts that this opinion should have been excluded as Dr. Hedback had not seen the death certificate, which was in evidence. A death certificate is not conclusive proof of the cause of death. In the instant case there was some dispute as to whether it correctly stated the cause. Where facts are disputed, either party may put to an expert questions embodying the disputed facts as his construction of the evidence would show them to be. Cowley v. People, 83 N. Y. 464, 38 Am. R. 464; Nave v. Tucker, 70 Ind. 15; see 1 Wigmore, Evidence (2 ed.) §§ 682, 683. That was done here.

Defendant contends that this opinion evidence was so speculative and conjectural that no credence can be given it and cites Mageau v. G. N. Ry. Co. 106 Minn. 375, 119 N. W. 200; State ex rel. Johnson Hardware Co. v. District Court, 145 Minn. 444, 177 N. W. 644. They clearly are distinguishable. Jorstad was seen to fall on the shovel, his condition until the time of his death was carefully accounted for, a doctor attended him, and a post-mortem examination was had. On the basis of all these known factors the opinions were given. Certainly nothing was left for speculation. Expert medical witnesses called on behalf of the defendant contradicted those of the plaintiff, but it was for the jury to determine the facts.

Defendant complains that the proofs of loss submitted by the plaintiff were insufficient. The lower court refused to allow the

sufficiency of them to go to the jury. In that it was right. The plaintiff submitted certain proofs of loss to defendant. The defendant retained them and denied all liability under the policy. Under such circumstances the defendant may not complain of their insufficiency. As a general rule the denial by an insurer of all liability under a policy will operate as a waiver of any provision requiring notice and proofs of loss or of any defects therein. 5 Joyce, Law of Insurance (2 ed.) p. 5592, § 3373.

Defendant made a motion for a new trial on the ground of newly discovered evidence. The day after the trial the defendant discovered a statement, signed by plaintiff, which defendant claims contradicts some of the testimony given by plaintiff at the trial. On the motion for a new trial affidavits were submitted. If the statements in those of the plaintiff were believed by the trial court, as they well might have been, the defendant did not exercise due diligence in discovering the evidence upon which it based a claim for a new trial. Further, the newly discovered evidence was not of such a nature that the refusal to grant a new trial because of it involved a violation of a clear legal right or a manifest abuse of judicial discretion. Bunker v. United Order of Foresters, 97 Minn. 361, 107 N. W. 392; see 5 Dunnell, Minn. Dig. (2 ed. & Supps. 1932, 1934) § 7123, et seq.

Affirmed.