FLOYD M. ANDREWS, INC. v. AETNA LIFE INSURANCE
COMPANY.
KATHRYN L. ANDREWS, INTERVENER.[1]

July 17, 1936.

No. 31,063.

[1]Reported in 268 N. W. 415.

2

*Clapp, Briggs, Gilbert & Macartney,* for appellants.

*Cobb, Hoke, Benson, Krause & Faegre, George D. McClintock,* and *Everett A. Drake,* for respondent.

HOLT, JUSTICE.

From a judgment on the pleadings in favor of appellants for $100 they appeal. The suit is to recover disability benefits under an insurance policy issued by defendant. The administratrix of the estate of the insured intervened. By stipulation the rights as between plaintiff and intervener were not to be determined in this suit. The pleadings allege and admit these facts: The corporate existence of plaintiff and defendant and the status of intervener as administratrix of the estate of the insured. November 26, 1924, defendant issued its policy insuring the life of Floyd M. Andrews in the sum of $10,000 for the benefit of plaintiff. The policy contained a provision whereby defendant waived payment of premiums in case the insured became totally and permanently disabled, and also, if such disability occurred before the insured reached the age of 60 years, defendant agreed to pay him $100 each month after receipt of satisfactory proof of such disability. The insured became totally and permanently disabled by disease July 12, 1934, and died therefrom on March 26, 1935, at the age of 44 years, while the policy was in full force. On February 27, 1935, defendant received satisfactory proof of the insured's total and permanent disability. The beneficiary has received the $10,000 named in the policy, and defendant has tendered $100 disability benefit; but plaintiff and intervener claim to be entitled to $900. The policy is made part of the pleadings. The part thereof upon which the decision must rest reads:

"If the insured becomes totally and permanently disabled and is thereby prevented from performing any work or conducting any business for compensation or profit, or has met with the irrecover-

able loss of the entire sight of both eyes, or the total and permanent loss of the use of both hands or of both feet, or of such loss of one hand and one foot, and satisfactory evidence of such disability is received at the Home Office of the Company, the Company will, if there has been no default in the payment of premiums, waive the payment of all premiums falling due during such disability after the receipt of such proof;

"If such disability existed before the insured attained the age of sixty years, the Company will pay to the life owner the sum of ten dollars for each one thousand dollars of the sum insured and will pay a like amount on the same day of every month thereafter during the lifetime and the continuance of such disability of the insured, the first payment to become due on receipt at said Home Office of satisfactory evidence of such disability;

"If before attaining the age of sixty years the insured becomes totally disabled by bodily injuries or disease and is thereby prevented from performing any work or conducting any business for compensation or profit for a period of ninety consecutive days, then if satisfactory evidence has not been previously furnished that such disability is permanent, such disability shall be presumed to be permanent within the meaning of this provision."

The assignments of error present the question of law whether there can be a recovery for disability benefits under this policy for any period of total and permanent disability prior to the time satisfactory proof thereof was received at the home office of defendant other than the $100 then coming due. There is no mention of payment of disability benefits in the policy other than found in the three paragraphs above quoted. These paragraphs relate to the same thing, viz.: total and permanent disability of the insured which results in waiver of premiums and the right to disability payments. The paragraphs are separated by semicolons and not by periods. The last contains a provision modifying the first two in respect to proof, specifying that if the insured becomes totally disabled by bodily injuries or disease so that he is prevented from performing any work or conducting any business for compensation or profit

4

for a period of 90 consecutive days his disability shall be presumed to be permanent. Counsel for appellants correctly assert and cite authorities that conflicting provisions in a contract must be reconciled, Nostdal v. Morehart, 132 Minn. 351, 157 N. W. 584; that ambiguity or doubt as to the meaning of words and phrases in insurance policies must be construed in favor of the insured, Wilson v. Metropolitan L. Ins. Co. 187 Minn. 462, 245 N. W. 826; and that the apparent purpose of the parties to an insurance policy is entitled to great weight in determining the meaning of the language used, Maze v. Equitable L. Ins. Co. 188 Minn. 139, 246 N. W. 737. But, even so, we think the language in the quoted paragraphs of this policy so clearly expresses that for total and permanent disability the first payment in no other sum than that of precisely $100 became due after satisfactory proof of such disability arrived at defendant's home office, which concededly was February 27, 1935, that no other meaning can be given thereto. No more accrued, for the insured died the day before the next payment of $100 became due. There is no ambiguity in the quoted paragraphs. A specific sum, to-wit, $10 for every $1,000 of the life insurance, defendant promised to pay upon receipt of proof that the insured had become totally and permanently disabled before reaching the age of 60 years. No other sum whatever could have been recovered in any suit brought by the insured before March 27, 1935. On March 27, 1935, the insured was dead, and the right to disability benefit had ceased. Naturally, both parties contemplated that the self-interest of the insured would cause proof to be promptly made upon the occurrence of total and permanent disability. There ought to be no difference of construction inferable because the first payment falls due or accrues immediately upon receipt of the proof or some three or six months thereafter. The following decisions from the federal and state courts construe policies of sufficient similarity to the one here involved to be in point on the proposition that the presenting of the proof of total and permanent disability is a condition precedent to the right to receive the stipulated first payment and to have future premiums waived. Bergholm v. Peoria L. Ins. Co. 284 U. S. 489, 52 S. Ct. 230, 76 L. ed. 416; Orr v. Mutual L. Ins.

Co. (C. C. A.) 64 F. (2d) 561 (affirming the decision of the court below reported in (D. C.) 57 F. (2d) 901, where it is asserted that the correctness of the decision in Minnesota Mutual L. Ins. Co. v. Marshall (C. C. A.) 29 F. (2d) 977, is debatable); Johnson v. Mutual L. Ins. Co. (C. C. A.) 70 F. (2d) 41 (where the right to disability benefits was held to date from receipt by insurer of proof of such disability, but that failure to furnish such proof may be excused if the disability rendered the insured incapable of furnishing the proof, on which point courts are not in accord, see Mutual L. Ins. Co. v. Johnson, 293 U. S. 335, 55 S. Ct. 154, 79 L. ed. 398); Chambers v. Franklin L. Ins. Co. (C. C. A.) 80 F. (2d) 339; McCutchen v. All States L. Ins. Co. 229 Ala. 616, 158 So. 729; Jabara v. Equitable L. Ins. Co. 280 Ill. App. 147; Smith v. Missouri State L. Ins. Co. 134 Kan. 426, 7 P. (2d) 65; Mutual L. Ins. Co. v. Smith, 257 Ky. 709, 79 S. W. (2d) 28; Mutual L. Ins. Co. v. Hebron, 166 Miss. 145, 146 So. 445; Davis v. Aetna L. Ins. Co. 128 Neb. 154, 258 N. W. 58; Ginell v. Prudential Ins. Co. 237 N. Y. 554, 143 N. E. 740 (reversing without opinion upon the dissenting opinion of the case in 205 App. Div. 494, 200 N. Y. S. 261); Corbett v. Phoenix Mut. L. Ins. Co. 144 Misc. 872, 259 N. Y. S. 221; Franklin L. Ins. Co. v. Fisher, 164 Okl. 193, 23 P. (2d) 151; Black v. Jefferson Standard L. Ins. Co. 171 S. C. 123, 171 S. E. 617; Hayes v. Prudential Ins. Co. 114 W. Va. 323, 171 S. E. 824.

The only authority cited in plaintiff's brief in support of the contention that the receipt of proof of disability does not fix the time from which the obligation to pay starts is Minnesota Mut. L. Ins. Co. v. Marshall, 29 F. (2d) 977, 978, a decision of the circuit court of appeals of the eighth circuit. The decision turned on the point whether the policy had lapsed because of nonpayment of a premium, the policy providing:

"If the insured, while the policy is in full force and effect, and without default in the payment of premiums, 'shall become totally and permanently disabled, as hereinafter provided, and shall furnish satisfactory proof thereof, the Company will waive the payment of premiums thereafter becoming due. * * * Second:

Upon the receipt of due proof of total and permanent disabilities as above defined, the Company will waive the payment of all premiums thereafter becoming due.' "

In the opinion the court admits that there are two lines of decisions on the proposition whether receipt of proof of disability is a condition precedent or subsequent to the waiver of premiums becoming effective. It appeared that the insured became permanently and totally disabled before the grace period of the premium payment expired and that his disability then had rendered him incapable of giving notice or proof thereof. The court held a waiver was effected when the total disability began. In plaintiff's reply brief the following authorities are cited to sustain the right of recovery of eight monthly payments prior to the one tendered by defendant: Prudential Ins. Co. v. Kendrick, 262 Ky. 297, 299, 90 S. W. (2d) 52, 53, and Schollman v. Prudential Ins. Co. 130 Neb. 662, 266 N. W. 75. In the Kendrick case the policy stipulated:

"The Company will, in addition to waiving the premiums, pay to the Insured at its Home Office the amount insured, less any indebtedness under this Policy, in one hundred and twenty monthly installments during ten years, each installment to be of the amount of $9.74 per $1,000.00 of insurance payable."

It provided that the first monthly instalment should be paid immediately after due proof of such disability. The total disability in that case seems to mature the policy into 120 monthly commuted payments, and the point at issue was whether or not the insured's total disability overtook him before the age of 60 years. The court held that the defendant's liability accrued at the inception of the disability, and not when proof thereof was made. In the Schollman case the court held that proof of total disability was a condition precedent to waiver of the payment of premiums, but concluded that the policy was to be so construed as to authorize recovery of the monthly disability benefits from the inception of the total permanent disability without regard to the time the company received proof thereof. The court's decision in Davis v. Aetna L.

Ins. Co. 128 Neb. 154, 258 N. W. 58, was not referred to, and it seems difficult to make a distinction between the two.

It appears to be obvious that when in the one only sentence containing the agreement to pay disability benefits it is specified that the first payment of $10 for every $1,000 of insurance, to-wit, $100, is to become due on receipt by defendant of satisfactory proof of total and permanent disability, the insured could not recover that sum, or any greater sum, until he had made such proof; and that a like sum, neither more nor less, became due on the same day of every month thereafter during the continuance of the insured's life and the disability. The obligation to pay ceased with his death, which occurred the day before the second payment fell due.

The judgment is affirmed.

