## CATHERINE E. BERKE AND ANOTHER v. NEW YORK LIFE INSURANCE COMPANY.[1]

July 12, 1940.

No. 32,424.

*Holmes, Mayall, Reavill & Neimeyer,* for appellant.
*T. J. Doyle,* for respondents.

HOLT, JUSTICE.

In an order overruling a demurrer to the second amended complaint the court certified the questions presented as important and doubtful. Defendant appeals.

The complaint in this appeal is the second amended complaint. The first amended complaint, to which a demurrer was overruled, is also in the printed record, presumably to give this court the benefit of the exhaustive memorandum

[1]Reported in 293 N. W. 248.

attached to the first order and referred to in the memorandum annexed to the order appealed from. Hereinafter the second amended complaint will be referred to simply as the complaint. Therein it is alleged that plaintiffs are the qualified representatives of the estate of Peter L. Berke, deceased; that the deceased held a contract of insurance with defendant under which there was payable to him $500 per month during total and permanent disability, which contract is made part of the complaint as exhibit A; that while said insurance contract was in force and premiums paid, said insured, on or about September 14, 1937, became wholly disabled by disease so that he was prevented thereby from engaging in any occupation whatsoever for remuneration or profit, which disability continued until his death February 23, 1938, some years before insured attained the age of 60 years; that on December 14, 1937, due proof was received by defendant of the insured's total and permanent disability for a period in excess of three months; that on January 5, 1938, $500 was paid the insured by defendant and a like sum on February 1; that at the time of making proof of total disability the insured did not know of his true condition, but in the early part of January, 1938, discovered that cancer caused the total disability with which he had been afflicted ever since September 15, 1937; that certain correspondence with defendant is attached to and made a part of the complaint, which discloses that defendant concedes the insured's disability was total and permanent from September 15, 1937, until his death. The complaint asks for judgment for $1,500.

The question presented is whether a recovery may be had for total and permanent disability of the insured prior to the date defendant received proof thereof. Defendant has admittedly made the monthly benefit payments which fell due after the receipt of such proof. We quote the pertinent provisions of the policy exhibit A:

"And the Company Agrees to Pay to the Insured

"Disability Benefits: One per cent of the face of this

Policy ($10 per $1,000) each month during the lifetime of the Insured and also to waive the payment of premiums, if the Insured becomes wholly and permanently disabled before age 60, subject to all the terms and conditions contained in Section 1 hereof. * * *

"Section 1—Disability Benefits

"1. Disability Benefits shall be effective upon receipt at the Company's Home Office * * * of due proof that the Insured became totally and permanently disabled after he received this Policy and before its anniversary on which the Insured's age at nearest birthday is sixty years.

"Disability shall be deemed to be total whenever the Insured becomes wholly disabled by bodily injury or disease so that he is prevented thereby from engaging in any occupation whatsoever for remuneration or profit, and under this contract disability shall be presumed to be permanent after the Insured has been continuously so disabled for not less than three months and during all of that period prevented from engaging in any occupation for remuneration or profit. * * *

"2. Income Payments.—The Company will pay the Insured, * * * a monthly income of one per cent of the face of the Policy during the lifetime of the Insured and the continuance of such disability. The first income payment shall become due on the first day of the calendar month following receipt of proof of total and permanent disability or proof of continuous total disability for three consecutive months, as above, and succeeding payments shall become due on the first day of each calendar month thereafter. * * *

"3. Waiver of Premiums.—The Company will waive payment of any premium falling due after approval of such proof of disability and during such disability. Any premium due prior to such approval is payable in accordance with the terms of the Policy, but if due after receipt of said proof will, if paid, be refunded upon approval of such proof."

The learned trial court deemed this case controlled by Kassmir v. Prudential Ins. Co. 191 Minn. 340, 254 N. W. 446; Floyd M. Andrews, Inc. v. Aetna L. Ins. Co. 198 Minn. 1, 268 N. W. 415, 106 A. L. R. 1085; Wold v. State Mut. L. Assur. Co. 198 Minn. 451, 270 N. W. 150, and that there was no need of considering any other authorities. It was considered that the happening of total and permanent disability when there was no premium in default and the insured was under 60 years of age was a condition precedent to liability of defendant, but that proof thereof was a condition subsequent to be complied with in order to recover disability benefits. Except for the reasoning concerning the bearing of conditions precedent and conditions subsequent upon the right of recovery, we do not regard the facts either in the Kassmir or the Wold cases such that much aid from those decisions can be had in this appeal. The beneficiary sued in the Kassmir case, 191 Minn. 340, 346, 254 N. W. 446, to recover for the death of the insured. The defense was that the policy had been cancelled because of nonpayment of a premium, and in reply the issue was raised of waiver of proof of total and permanent disability whereby the obligation of the insurer to waive payment of the premium became operative. In the decision the court said:

"In the instant case the risk for which recovery is had was covered. The only thing waived was notice or proof of the disability. Such notice or proof is not a condition precedent to liability. It is rather and only prerequisite to the right to sue. Hence it is the subject of waiver or estoppel."

Of course in a suit by the beneficiary in a life insurance policy, the death of the insured is a condition precedent to any liability of insurer, and proof of death or loss a condition to be complied with subsequent to death in order to maintain suit. The facts in the Wold case, 198 Minn. 451, 270 N. W. 150, were that in the policy issued to Wold, having provision for paying monthly disability benefits, Wold made

proof of total and permanent disability and the insurer received such proof and paid monthly benefits for nine years; then refused on the ground that such disability existed before the policy issued. The judgment for Wold on the pleading was sustained.

It appears to us that the language in the policy considered in the Andrews case, 198 Minn. 1, 268 N. W. 415, is in all essential features like the policy or contract hereinbefore quoted, and that it must be here held that the first monthly benefit payment for total and permanent disability accrued December 14, 1937, when defendant received proof of the insured's disability. We held, in substance, in the Andrews case, that if the language of the contract or policy is clear and unambiguous there is no room for construction. Authorities were cited and discussed, among them Bergholm v. Peoria L. Ins. Co. 284 U. S. 489, 491, 52 S. Ct. 230, 231, 76 L. ed. 416, where the court said:

"Here the obligation of the company does not rest upon the existence of the disability; but it is the receipt by the company of *proof* of the disability which is definitely made a condition precedent to an assumption by it of payment of the premiums *becoming due after the receipt of such proof.*"

In the case at bar, in the first part quoted of the policy the company agrees to pay the insured "Disability Benefits: One per cent of the face of this Policy ($10 per $1,000) each month during the lifetime of the Insured and also to waive the payment of premiums, if the Insured becomes wholly and permanently disabled before age 60, subject to all the terms and conditions contained in Section 1 hereof," must be read in connection with section 1 to which it expressly is made subject. Paragraph 2 of that section stipulates that the "Company will pay the Insured, * * * a monthly income of one per cent of the face of the Policy during the lifetime of the Insured and the continuance of such disability. The first income payment shall become due

on the first day of the calendar month following receipt of proof of total and permanent disability or proof of continuous total disability for three consecutive months, as above, and succeeding payments shall become due on the first day of each calendar month thereafter." And paragraph 3 in respect to waiver of premiums provides: "The Company will waive payment of any premium falling due after approval of such proof of disability and during such disability. Any premium due prior to such approval is payable in accordance with the terms of the Policy, but if due after receipt of said proof will, if paid, be refunded upon approval of such proof." It is clear that the monthly disability benefits in this policy is the sum of $500, neither more nor less, and that the first income payment becomes due on the first day of the calendar month following the receipt of proof of total and permanent disability. That is, receipt of proof by defendant of the insured's total and permanent disability makes effective the obligation to make the first payment. There is no provision in any other part of the policy that can be construed as suggesting any other meaning than upon receipt by defendant of proof of the insured's total and permanent disability, before attaining 60 years, and premiums paid, $500 becomes due and payable on the first of the following calendar month. In addition to the authorities cited in the Andrews case, 198 Minn. 1, 268 N. W. 415, in support of the decision therein may be cited Holtz v. New York L. Ins. Co. 37 Del. 1, 179 A. 497; Equitable L. Assur. Soc. v. Adams, 56 Ga. App. 5, 192 S. E. 90; Rowan v. New York L. Ins. Co. (Mo. App.) 124 S. W. (2d) 577; Mullaney v. Equitable L. Assur. Soc. 66 N. D. 235, 264 N. W. 663.

The order is reversed.