EDWARD T. BARRON v. EQUITABLE LIFE ASSURANCE
SOCIETY OF THE UNITED STATES.[1]

May 8, 1936.

No. 30,895.

*Kellogg, Morgan, Chase, Carter & Headley* and *David W. Rauden-bush,* for appellant.

*Lloyd P. Johnson,* for respondent.

HOLT, JUSTICE.

Defendant appeals from an adverse judgment. Plaintiff's action is to recover upon an accident and health policy issued to him by defendant, insuring plaintiff against loss from disease "if such disease shall wholly and continuously disable the Insured and prevent him from performing any and every duty pertaining to his

[1]Reported in 266 N. W. 845.

occupation." Plaintiff alleged that he became totally disabled on August 5, 1934, and was continuously disabled until September 3, 1934; that he gave notice of his disability to defendant as soon as it was reasonably possible, but payment of the weekly indemnity provided in the policy had been refused. The answer denied that plaintiff became disabled on August 5 or at any other time and also alleged two defenses, viz., that plaintiff had not given notice to defendant of his disability within ten days after it commenced, as stipulated in the policy, and that plaintiff had deprived defendant of the opportunity to examine him as provided in the policy. Defendant moved for a directed verdict. There was a verdict for plaintiff. Defendant moved in the alternative for judgment notwithstanding or a new trial. The motion was denied and judgment rendered on the verdict.

The assignments of error raise no question other than the ruling of the court in denying defendant's motion for a directed verdict and in denying judgment notwithstanding the verdict. The evidence is conclusive that plaintiff became wholly and continuously disabled from hay fever on about August 1, 1934, and that, on his doctor's advice, he went to an island over the Canadian line in the Lake of the Woods for relief and cure, and was disabled from engaging in any occupation for wages or profit until September 3, 1934. The only propositions upon which defendant contends that it is entitled to judgment notwithstanding the verdict are, first, that plaintiff forfeited all claim to recover for this loss because notice was not given within ten days after he became wholly disabled, and, second, that he forfeited his right to recover his loss because he deprived defendant of the right of making a physical examination of his person as provided in the policy. The provision in the policy as to notice of disability reads:

"Written notice of injury or of sickness on which claim may be based must be given to the Society within twenty days after the date of the accident causing such injury or within ten days after the commencement of disability from such sickness. * * * Failure to give notice within the time provided in this policy shall not invalidate any claim if it shall be shown not to have been reasonably

possible to give such notice and that notice was given as soon as was reasonably possible."

Plaintiff undertook to prove that notice was given of the disability for which recovery is sought as soon as reasonably possible. Mail reached only a near-by island by airplane. That issue was submitted to the jury and resolved in plaintiff's favor. But, as we understand defendant, its contention is that since the undisputed evidence shows that plaintiff's disability commenced more than ten days before written notice thereof came to defendant there can be no recovery for any part of the period that plaintiff was wholly and continuously disabled. This is too technical a construction of the provision in respect to disability resulting from disease. Generally, sickness or disease does not wholly disable at once, but gradually, and affects individuals differently, and even the same disease may wholly disable a person at one time and not at another. Some persons, though afflicted with illness that would utterly prostrate others, continue with their work. It is almost impossible in many, if not most, of the diseases that beset us to tell the day or hour when we became wholly disabled from attending to our vocation. Nor would there seem to be any object in stipulating for a ten-day notice except for the purpose of fixing a time from which the insurer may be able to verify that the insured was wholly and continuously disabled. For instance, if the insured had been sick in bed, totally disabled for a month, at the end of which period and while still so confined the notice is given, the insurer should not be required to go back more than ten days from the day of the notice to ascertain whether the insured had been disabled under the terms of the policy, nor should the insured forfeit the right to recover except for the period of disability prior to ten days before written notice was received by the insurer. There should not be a forfeiture for the loss sustained from the total disability that existed during the ten days before the notice was received and which thereafter continuously persisted. In this instance there is a letter in the record from defendant under date of September 28, 1934, stating:

"Upon referring to our records, we find that notice of claim in the present instance was received by the Society on August 15,

370

1934. Therefore, the Society denies and declines all liability due to that provision of the policy to the effect that written notice on which claim may be based must be given within ten days after the commencement of disability arising from sickness."

In the complaint plaintiff alleged he became wholly disabled "on or about August 5, 1934." The proof showed that plaintiff on August 1, 1934, was so afflicted with hay fever that he could no longer remain and attend to his business in Minneapolis, but left that day for Flag Island in the Lake of the Woods, driving the automobile. He arrived at his destination on the third and took to his bed. He went there on the advice of his doctor. And upon the testimony of plaintiff and his doctor, and defendant produced no evidence to the contrary, the jury were almost required to find that from August 3 to September 3, 1934, plaintiff was wholly and continuously disabled by hay fever from performing any and every duty pertaining to his occupation. Does the fact that the disability existed 12 days instead of 10 days before receipt of notice defeat recovery? We think not. Even if the evidence did not sustain the finding of the jury that notice was given as soon as possible, recovery was warranted for the period from and after August 5, 1934, and the court rightly denied defendant's motions for directed verdict and judgment *non obstante*. Notice of accidental injuries are not quite in the same class as notice of disability from disease. The time within which notice of such injuries must be given is 20 instead of 10 days. The time from which to count the 20 days is the date of the accident which caused the injury. In such cases there is some purpose in specifying the time of the accident because out of it grows the right of recovery, and the insurer should be advised thereof so as to have an opportunity for full investigation of the rights and liabilities that grow out of the accident.

We do not think defendant's evidence established a defense, even to go to the jury, under this provision of the policy:

"The Society shall have the right and opportunity to examine the person of the Insured when and so often as it may reasonably require during the pendency of claim hereunder."

The only evidence was that Dr. Foster was sent by defendant to plaintiff's place of business; that he went there and was informed by the clerk in charge that plaintiff was up north and would not be home for some weeks. There was no further effort to communicate with plaintiff. The clerk testified that Dr. Foster did not tell his errand or who sent him. In order to forfeit the insured's right to recover for breach of this provision of the policy defendant must have requested of him the opportunity to make an examination. Accepting Dr. Foster's testimony as true, plaintiff was not shown to have breached any term of the policy.

The judgment must be affirmed.