NETTIE E. LINDSKOG v. EQUITABLE LIFE ASSURANCE SOCIETY OF UNITED STATES.[1]

December 6, 1940.

No. 32,497.

*Kellogg, Morgan, Chase, Carter & Headley* and *David W. Raudenbush,* for appellant.

*Gleason, Ward & Orff* and *Everett & Thiel,* for respondent.

[1]Reported in 295 N. W. 70.

14

LORING, JUSTICE.

This case comes here upon appeal from a judgment after trial by the court where plaintiff sought recovery of disability benefits claimed under the provisions of four identical life insurance policies issued on April 11, 1924, by the defendant to Erik G. A. Lindskog, who died May 4, 1938, aged 49 years, while such policies were in full force and effect. The death benefits have been paid, leaving a part of the disability benefits in controversy. It is conceded that Lindskog became totally and permanently disabled on August 20, 1937, and that such disability continued without interruption until his death. No notice of disability was given to the defendant until the day on which he died. Formal proofs were furnished later. The trial court found in favor of the plaintiff, and judgment was entered accordingly.

The disability provisions which accompanied the life insurance provisions of the policies provided for the payment of $25 a month on each policy and the waiver of subsequent premiums upon the occurrence of total and permanent disability, "subject to the terms and conditions contained on the third page hereof." On the third page appeared provisions that "disability benefits before age 60 shall be effective upon receipt of due proof * * * that the insured became totally and permanently disabled * * * the first payment to be payable upon receipt of due proof of such disability and subsequent payments monthly thereafter." The defendant, evidently considering that under our decisions in Floyd M. Andrews, Inc. v. Aetna L. Ins. Co. 198 Minn. 1, 268 N. W. 415, 106 A. L. R. 1085, and Barron v. Equitable L. Assur. Soc. 197 Minn. 367, 266 N. W. 845, it was required to pay one month's disability, mailed to the plaintiff a check for $100, which she has not cashed, probably for the reason that she did not agree to the terms of the endorsed release. The case was tried upon a stipulation of facts and accompanying exhibits, which do not fully set out the history of the negotiations which occurred subsequent to Lindskog's death; but, on July 27, 1938, the defendant's representative wrote the plaintiff a letter upon which plaintiff now relies as a waiver

of notice of the claim of disability. The letter is set out in full in the record and, after noting the plaintiff's intent not to accept settlement, undertakes to explain the defendant's position as follows:

"The disability features incorporated in these contracts, provide for the waiver of premiums and the payment of 1% of the face amount of each policy, per month, upon receipt of proof of a condition of total and permanent disability. Total disability is presumed to be permanent when it is present and has existed continuously for three full months.

"You will see, therefore, that the whole matter depends upon the time the Society is furnished with proof of the condition required for the payment of benefits.

"In this particular case, the claim was accepted as of May 4, 1938, and the benefits under the policies were paid as of that date. Now in approving this claim as of May 4, 1938, a more liberal action was taken because as of that date we were only furnished with notice of the claim and did not receive due proof of the required condition of total disability until Dr. Moir's statement was received at this office on May 25, 1938. We assure you that we would be glad to be of assistance in this case if this were in any way possible, but we cannot set aside the specific provisions of the policy contract for one particular claim unless we are prepared to take similar action on every disability claim presented."

The plaintiff contends that the relevant terms of the policies are in conflict with 1 Mason Minn. St. 1927, § 3417(7) (B)7, which provides: "Affirmative proof of loss must be furnished to the insurer at its said office within ninety days after the termination of the period of disability for which the company is liable"; that the case is not controlled by Floyd M. Andrews, Inc. v. Aetna L. Ins. Co. 198 Minn. 1, 268 N. W. 415; and, further, that the provisions of 1 Mason Minn. St. 1927, § 3417(4) (C) 4, requiring notice of disability, were waived by the defendant and, consequently, do not preclude recovery. The trial court took the position that "the very moment the insured suffered a permanent disability the insurer

became liable for the payments as provided in the policies, and such liability continued until such payments were fully made."

■ 1 Mason Minn. St. 1927, §§ 3415 to 3427, constitutes what is intended to be a code with reference to accident and health insurance. This code provides for standard provisions to be incorporated in three classes of policies, those which cover loss by accident only, those which cover disability due to sickness only, and those which cover both injury and sickness. This classification is carried out through most of the parenthetically numbered requirements for standard provisions, usually under the letters A, B, and C, with numbered subdivisions. This results in much repetition and is likely to confuse rather than clarify. It is to be noted that the statute makes no standard provision as to the period of disability to be covered but leaves that to the contract, which, while fixed in the policies as to commencement as of the time for furnishing proof, has been construed by this court to relate back to a time ten days prior to notice in cases of disability due to sickness.[2] Barron v. Equitable L. Assur. Soc. 197 Minn. 367, 266 N. W. 845. The policies under consideration covered disability due to either injury or sickness.

Section 3417(4)(C)4 provides that "written notice of injury or of sickness on which claim may be based must be given to the insurer within twenty days after the date of the accident causing such injury or within ten days after the commencement of disability from such sickness." Following this are provisions for the form of the notice and that (§ 3417[5]5) "failure to give notice within the time provided in this policy *shall not invalidate any claim* if it shall be shown not to have been reasonably possible to give such notice and that notice was given as soon as was reasonably possible." Subd. (6)6 provides that the insurer upon receipt of such notice shall furnish the claimant with forms, and if they are not so furnished within 15 days the claimant shall be deemed to have complied with the requirements of the policy as to proof

---

[2]L. 1935, c. 74, 3 Mason Minn. St. 1940 Supp. § 3426(2), has apparently made this code inapplicable to policies like these in suit.

of loss upon submitting proofs in writing within the time fixed in the policy. Subd. (7) contains standard provisions for the three different kinds of policies and, so far as disability from sickness is concerned, provides that these proofs of loss must be furnished the company within 90 days after the termination of the period of disability for which the company is liable. We do not think that this last provision was intended by the legislature to operate as an extension of the time within which notice of sickness must be given. Subd. (C)4 of the major subd. (4) and subd. 5 of the major subd. (5) require notice within ten days after the commencement of disability from sickness unless it is shown not to have been reasonably possible to give such notice. The tenor of the provision relative to failure to give the notice implies that the word "must" in the requirement of notice in subd. (4)(C)4 is mandatory and that failure to comply with it invalidates the claim unless it was not reasonably possible to give the notice. As we look at it, subds. (7)(B)7 and (7)(C)7, relied upon by the respondent, merely fix the ultimate time within which proof of loss must be furnished regardless of the failure of the insurer to supply proper forms for the proof, as provided for in subd. (6)6. It has no effect on the inception of the period for which the insurer is liable. Therefore there was no conflict between the statute and the provisions of the policy requiring the filing of proof. It follows that respondent's contention that § 3417(7)(B)7 or § 3417(7)(C)7 was overlooked in our decisions in Floyd M. Andrews, Inc. v. Aetna L. Ins. Co. 198 Minn. 1, 268 N. W. 415; Barron v. Equitable L. Assur. Soc. 197 Minn. 367, 266 N. W. 845; and Berke v. New York L. Ins. Co. 208 Minn. 210, 293 N. W. 248, is untenable. The case is controlled by the Berke opinion, where we held [208 Minn. 215, 293 N. W. 250] that "receipt of proof by defendant of the insured's total and permanent disability makes effective the obligation to make the first payment," citing Bergholm v. Peoria L. Ins. Co. 284 U. S. 489, 491, 52 S. Ct. 230, 231, 76 L. ed. 416, which held:

18

"Here the obligation of the company does not rest upon the existence of the disability; but it is the receipt by the company of proof of the disability which is definitely made a condition precedent to an assumption by it of payment of the premiums becoming due after the receipt of such proof."

■ It is the claim of the respondent that the letter of July 27 places the company's refusal to pay a larger sum squarely and solely on the ground of failure to furnish proofs and that, consequently, it waived its defense on the ground that notice of claim was not given the company. We cannot so construe the letter. It accepted the notice of May 4 as effective as of that date and proposed to pay accordingly, waiving the matter of formal proof. Under the rules laid down in Barron v. Equitable L. Assur. Soc. 197 Minn. 367, 266 N. W. 845, and the other cases cited above, the notice was effective, when followed by proof of disability, to start the period for which the insurer was liable ten days prior to its receipt, and the company so treated it. It would be a very strange construction to hold that by accepting the notice and giving it effect in accordance with those cases it thereby waived the giving of notice within ten days after the previous August 20. The letter specifically states that—

"The claim was accepted as of May 4, 1938, and the benefits under the policies were paid as of that date. Now in approving this claim as of May 4, 1938, a more liberal action was taken because as of that date we were only furnished with notice of the claim."

It may be that the company misconceived its rights in the light of our decisions, but it did not stand on the misconception but acted in accordance with those decisions and tendered payment as if the notice and proof were both given on May 4 and as if the insured's rights to disability benefits accrued ten days previously. Throughout the letter it is clear that the company was waiving none of its rights, known or unknown, and that it stood upon the specific provisions of the policy contract. The letter was not a waiver of notice but an acceptance of the one received, giving effect

according to the rights of the parties. Such being the case, the trial court was in error in its conclusions favorable to the plaintiff, and the judgment must be reversed and the case remanded with instructions to enter judgment for the defendant.

Judgment reversed.